# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1860V
Filed: February 11, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * | * |
| ERIC WILLIAMS, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |
| * * * * * * * * * * * * * * | * |

*Phyllis Widman, Esq.,* Widman Law Firm, LLC, Linwood, NJ, for petitioner.
*Kimberly Davey, Esq.,* United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM FEES AND COSTS[1]

**Roth,** Special Master:

On December 4, 2018, Eric Williams ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he developed Polymyalgia Rheumatica ("PMR") after receiving an influenza ("flu") vaccination on October 6, 2017. *See* Petition ("Pet."), ECF No. 1.

A Motion for Ruling on the Record is pending. *See* ECF Nos. 79, 81, 83.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 15, 2024, petitioner's counsel filed a motion for interim attorneys' fees and costs,[3] requesting $59,179.60 in interim attorneys' fees on behalf of Ms. Gallagher, $26,968.50 in interim attorneys' fees on behalf of Ms. Widman, and $44,268.96[4] in interim costs for a total award of $130,417.06. Motion for Interim Fees, ECF No. 86. Respondent filed a Response, deferring to the undersigned to determine whether the legal standard for interim fees and costs has been met. Response at 2, ECF No. 87. Petitioner did not file a reply.

On November 4, 2024, a Decision on Interim Attorneys' Fees and Costs was issued. Rather than filing a Motion for Reconsideration, counsel emailed the Court complaining about the findings contained in the Decision on Interim Attorneys' Fees and Costs on her behalf and on behalf of predecessor counsel. This was an inappropriate course of action taken by petitioner's counsel, procedurally. However, the decision was stricken from the record in order to address petitioner's Motion for Interim Fees and Costs and her failure to comply with Vaccine Rule 13, the Second Supplement to Appendix B, and the Vaccine Guidelines for Practice.

The Vaccine Guidelines require that petitioner's counsel "present contemporaneous records of actual time spent on a case, by whom, their status and usual billing rates, as well as a breakdown of expenses." The Vaccine Guidelines further explain that "[s]upporting documentation is required for each item claimed. With regard to attorneys' fees . . ., the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records." *See generally* Vaccine Guidelines.

In **July 2023**, amendments to Vaccine Rule 13 and the Second Supplement to Appendix B went into effect and were posted on the Court's website. Vaccine Rule 13 and the Second Supplement to Appendix B were amended to provide clarity for practitioners detailing what must accompany fee applications and to expedite decisions. Vaccine Rule 13(a)(1) states: "Petitioner must include any and all materials necessary to substantiate the request [for fees], including, but not limited to; the contents specified in the Second Supplement to Appendix B. Failure to include complete documentation in support of the request may result in the denial, or reduction in amount, of an attorney's fees and costs award." The Second Supplement to Appendix B was revised to "provide for the expedited review and award of attorney's fees and costs in Vaccine Act cases by setting forth all required documentation and preventing the necessity of multiple filings." *See generally* Vaccine Rules.

Petitioner's Motion for Interim Attorneys' Fees and Costs was filed nearly seven months after the amendments set forth above went into effect. *See* ECF No. 86. The motion failed to

---

[3] On December 23, 2021, when Ms. Carol Gallagher was still listed as counsel of record, petitioner filed a Motion for Interim Attorney's Fees and Costs. ECF No. 70. Respondent did not file a response. This motion remained pending until petitioner filed a second Motion for Interim Fees on February 15, 2024, which incorporated all fees and costs requested in the motion at ECF No. 70. Thus, the motion filed on December 23, 2021 is not addressed separately herein but is rather addressed as part of petitioner's motion filed on February 15, 2024.

[4] It appears that the math in the motion itself is incorrect. Counsel wrote that Dr. Akbari's fee is $23,215.00 however the correct fee requested is $28,215.00 (which includes Dr. Akbari's retainer). *See* Motion for Interim Fees at 1-2, 63. Thus, petitioner requested a total of $44,268.96 in costs.

2

comply with Vaccine Rule 13 and the Second Supplement to Appendix B. In so doing, a decision on interim fees was issued based on the application as filed. Thereafter, former counsel and current counsel emailed Chambers taking issue with the decision.

For context, attorney Carol Gallagher initially represented petitioner. Attorney Phyllis Widman substituted as counsel in January 2022. ECF No. 72. The billing records contained within the Motion for Interim Fees reflected Ms. Gallagher's time during her representation of petitioner as well as Ms. Widman's time for her representation of petitioner. Ms. Widman's billing records showed time billed by both her and "CG". The Motion for Interim Fees did not indicate who CG was, their role in this case (paralegal or attorney), or provide any support for their requested rate. Based on a lack of supporting information, "CG" was interpreted to be Carol Gallagher continuing to work on this matter after Ms. Widman, who is a solo practitioner, substituted in as counsel.

It was only **after** the decision issued and Ms. Widman took issue with the decision did Ms. Widman provide the necessary explanations which included that "CG" refers to Carolyn T. Griffin, Esq. (an admitted VICP attorney) rather than Ms. Gallagher. ECF No. 90. She stated that Ms. Griffin was admitted to practice before this Court in 2022 and worked for Ms. Widman's firm from 2021-2023. Ms. Widman affirmed that Ms. Gallagher did not perform any work on this matter after she substituted out as counsel. *Id*. Ms. Gallagher prepared a separate affidavit in which she affirmed the same. ECF No. 91.

Had Ms. Widman properly filed her Motion for Interim Fees pursuant to Vaccine Rule 13 and the Vaccine Guidelines by providing the appropriate supporting information, the confusion and delay in the issuance of the decision would have been avoided, the initial decision would have been based on accurate information, and the waste of judicial time and resources would have been averted.

It is incumbent on petitioner's counsel to review and follow the Vaccine Rules and Guidelines. Counsel is warned that failure to properly file future motions for fees and costs will not be met with the same grace. Failure to comply with the Vaccine Rules and/or Guidelines going forward will result in substantial deductions or nonpayment of fees. **It is suggested that counsel review all updated Vaccine Rules and the accompanying Guidelines as there have been several substantive changes made in the past two years.**

Nevertheless, in light of the affidavits filed, the prior Decision on Interim Fees was stricken, and this Decision on Interim Fees containing accurate information issued.

### I. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.     Availability of Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for roughly six years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioner has expended significant time and costs in litigating this matter thus far, and the Ruling on the Record, though forthcoming, is not imminent. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

4

### B.     Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

Petitioner requests the following hourly rates for the work of his prior attorney, Carol Gallagher: $400 for work performed in 2018-2019 and $424 for work performed in 2020-2021. Motion for Interim Fees at 4, 7-24. He also requested the following rates for his current counsel, Phyllis Widman: $375 for work performed in 2021, $400 for work performed in 2022, and $480 for work performed in 2023 and 2024. *Id*. at 4, 25-31. Finally, on behalf of Carolyn Griffin, he requested $175 or $275 for work performed in 2022-2023. *Id*. The majority of these rates are consistent with what has previously been awarded. Further, the requested rates for Ms. Griffin are in line with the approved rates contained in the Fee Schedule.[6] However, Ms. Widman has been awarded $420 for work performed in 2023 multiple times—not the requested $480. *See Cliver v. Sec'y of Health & Human Servs.*, No. 21-2045V, 2024 WL 3549596, at *2 (Fed. Cl. Spec. Mstr. June 24, 2024); *Elder v. Sec'y of Health & Human Servs.*, No. 21-0028V, 2023 WL 4196770, at *1 (Fed. Cl. Spec. Mstr. May 26, 2023); *Foukarakis v. Sec'y of Health & Human Servs.*, No. 20-1547V, 2024 WL 1156130, at *2 (Fed. Cl. Spec. Mstr. Feb. 22, 2024). Thus, her 2023 hourly rate billing requires adjustment.[7] Further, I do not find a $60 increase from one year to the next to be reasonable absent any evidence to support the increase. Ms. Widman provided no support for an increase in her hourly rate for 2024 along with her motion. Her failure to do so and her failure to follow the rules attendant to the setting of an attorney's hourly rate results in her hourly rate for 2024 remaining at $420. Thus, Ms. Widman's 2024 rate for billing also requires adjustment.

### C.     Hours Reasonably Expended

---

[5] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).
[6] *See id*.
[7] *See* Second Supplement to Appendix B(1)(a)(ii)(B): "…Once a reasonable rate for a year has been established, it will not be increased during the same year."

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The undersigned has reviewed the billing entries and finds the time Ms. Gallagher spent on this matter to be reasonable and explained in adequate detail. *See* Petitioner's Exhibit ("Pet. Ex.") A. Thus, no reductions are necessary, and Ms. Gallagher's fees are awarded in full.

However, for several reasons, a reduction to Ms. Widman's fee award is necessary. *See* Pet. Ex. A. For instance, there are billing entries on behalf of both Ms. Widman and Ms. Griffin for the same task,[8] numerous instances of billing at an attorney rate for paralegal work,[9] billing at a full attorney rate for secretarial work which should not be billed at all,[10] and excessive routine

---

[8] For example, Ms. Widman and Ms. Griffin both billed time for work on petitioner's brief for the Motion for Ruling on the Record. Ms. Griffin billed 1.5 hours for "File review and outline brief for ruling on the record", 4 hours for "Continued drafting brief of motion for ruling on the record together with Phyllis Widman", 4 hours for "Continue notes and outline for drafting of brief and review with Phyllis Widman of same", and 2.6 hours for "Outline for draft reply brief for motion for ruling on the record". Motion for Interim Fees at 29-30. Meanwhile, Ms. Widman billed for work on the Motion for Ruling on the Record, including 2 hours for "Draft notes for preparation of brief in support of motion for ruling on the record", 2 hours for "Review of draft brief outline, notes to file, file review, literature review, timeline, and notes regarding medical records and expert reports", and .5 hours for "Brief drafting and editing/revisions/additions, and file review". *Id*. The billing records show some of the work billed is redundant and duplicative.
[9] For example, .7 hours were billed for "File review", .2 hours in part for "Drafted Notice of Filing Exhibit 95", and .25 hours in part for "Drafting a Motion for Extension". Motion for Interim Fees at 26-31.
[10] For example, there were several billing entries for filing documents onto the docket. *See, e.g.*, Motion for Interim Fees at 29 (.25 hours in part for filing a Motion for Extension).

6

billing for 0.1 hours spent on minute tasks like reading an email or reviewing a non-pdf scheduling order.[11] *See* Motion for Interim Fees at 26-31. **Ms. Widman's fees in prior cases have been reduced for similar billing practices.** *See, e.g., Foukarakis*, No. 20-1547V, 2024 WL 1156130, at *3; *Maxwell v. Sec'y of Health & Human Servs.*, No. 16-827V, 2018 WL 5095119, at *3 (Fed. Cl. Spec. Mstr. Sept. 17, 2018). Thus, to account for both the reductions related to Ms. Widman's hourly rates and the hours billed, I will reduce the total award of Ms. Widman's fees by 10%. This results in a **reduction of $2,696.85 to Ms. Widman's fees**.[12] Ms. Widman is cautioned about repeating these unacceptable billing practices and risking not being paid for all such entries in the future.

### D.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Some of the requested costs include the filing fee, medical records requests, and medical literature. Motion for Interim Fees at 1-2, 33-51; *see also* Pet. Ex. B; Pet. Ex. C; Pet. Ex. D. Petitioner himself also expended money on travel for a visit with Dr. Brawer. *Id.* at 53-58. These costs are reasonable and supported by adequate documentation. Petitioner is awarded $2,003.96 associated with these costs.

The remaining costs are derived from the work of petitioner's experts, Dr. Arthur Brawer and Dr. Omid Akbari. With the Ruling on the Record pending, the undersigned has not yet determined how persuasive petitioner's experts' opinions are in the resolution of this case. Because the quality of an expert's work is a factor that should be considered when determining the appropriate rate, it is necessary to consider the expert opinions before making this determination when possible. *See Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying motion for reconsideration on this point); *Jones v. Sec'y of Health & Human Servs.*, No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019). Due to concerns discussed during the pendency of this case including the opinions of the experts, all costs associated with Dr. Brawer and Dr. Akbari ($42,265.00) are deferred. Petitioner is awarded a total of **$2,003.96** in costs.[13]

### III. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED in part.** Accordingly, I award a total of **$85,455.21,** representing $59,179.60 in attorneys' fees for Ms. Gallagher, $24,271.65 in attorneys' fees for Ms. Widman, and $2,003.96 in costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement in accordance with this Decision. The clerk shall enter judgment accordingly.[14]

---

[11] For example, Ms. Widman billed .1 hours (6 minutes) at her full attorney rate for "Review of ECF granting motion for extension", "Review of ECF and Scheduling Order", "Review of ECF and corrected scheduling order", "Review of ECF – Respondent's Motion for Extension", and "Review of ECF – Order granting motion". Motion for Interim Fees at 26-31.

[12] $26,968.50 x .1 = $2,696.85.

[13] $44,268.96 - $42,265.00 = $2,003.96.

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

renouncing the right to seek review.